1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7    MICHAEL HANSEN,

                                              NO:  2:14-CV-0357-TOR
8                        Plaintiff,

                                              ORDER OF REMAND
9         v.

10   MOSES LAKE IRRIGATION &
     REHABILITATION DISTRICT, ET
11   AL.,

12                       Defendants.

13

14        BEFORE THE COURT are cross-motions for summary judgment.  ECF

15   Nos. 25, 28.  This matter was heard with oral argument on October 13, 2016.

16   Thomas G. Burke appeared on behalf of the Plaintiff.  Jerry J. Moberg appeared on

17   behalf of the Defendants, Moses Lake Irrigation & Rehabilitation District and its

18   employees (collectively, hereinafter referred to as "MLIRD").  Hugh Terrence

19   Lackie appeared for Grant County and its officials.   The Court has reviewed the

20   briefing and the record and files herein, and is fully informed.

ORDER OF REMAND ~ 1

# BACKGROUND

On September 29, 2014, Plaintiff filed suit in Grant County Superior Court, asserting claims of vote dilution and the unlawful assessment of taxes in violation of Washington State statute and both the Washington State and the United States Constitutions.[1]  ECF Nos. 1, 1-3 (Grant County Superior Court case number 14-2-01214-1).  On November 5, 2014, Defendants MLIRD removed that action from state court to this Court.  *Id.*  Plaintiff now moves for summary judgment on all claims.  ECF No. 25.  Defendants MLIRD also move for summary judgment on all Plaintiff's claims contending, *inter alia*, that the Tax Injunction Act, 28 U.S.C. § 1341, precludes the Court from hearing this case due to lack of subject matter jurisdiction.  ECF No. 28.  For the reasons discussed below, the Court DENIES the parties' cross Motions for Summary Judgment and REMANDS this case to the Grant County Superior Court, for all further proceedings.

---

[1] Specifically, Plaintiff raised a constitutional challenge to RCW § 87.03.071.  ECF No. 1-3. Fed. R. Civ. P. 5.1(a) and (b) requires the filing of a notice of constitutional challenge, service upon the state attorney general, and certification by the court that a statute has been questioned.  RCW § 7.24.110 is similarly instructive as to notice.  Neither requirement has been satisfied.

ORDER OF REMAND ~ 2

**FACTS**

The parties do not dispute the facts material to the disposition of this case. Plaintiff, Michael Hansen, is a landowner of fifteen parcels of real property within the boundaries of the irrigation district.  ECF No. 25-8 at ¶ 11.  Although one parcel exists as lakefront property, none of Plaintiff's parcels draw water from Moses Lake or receive any irrigation water from the MLIRD.  *Id.* at ¶ 12-13, 25. While some residents and businesses withdraw and use water from Moses Lake, the MLIRD does not charge for the water; it does not sell or lease water to owners of irrigated land, nor produce or deliver water for domestic, household or firefighting purposes.  *Id.* at ¶¶ 23-26, 28.  The MLIRD does not handle or treat sewage nor produce or sell hydroelectric power.  *Id.* at ¶¶ 27-28.

The MLIRD is one of many agencies that maintains Moses Lake and keeps it clean.  *Id.* at ¶ 33.  For instance, the MLIRD regulates the lake level, maintains a pump station to circulate the lake water, conducts dredging operations, and treats milfoil infestation.  *Id.* at ¶ 30-32.  In addition to lake maintenance, the MLIRD operates Connelly Park on the lakeshore.  *Id.* at ¶¶ 35, 41.  The lake and park are open to the general public without charge.  *Id.* at ¶¶ 35-38.

The MLIRD imposes an "assessment" to pay for "the care, operation, management, maintenance, repair, and improvement of the district and its irrigation . . . facilities or of any portion thereof."  RCW 87.03.445(2).

**DISCUSSION**

Under the Tax Injunction Act ("TIA"), a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  The TIA is a "broad jurisdictional barrier . . . which limit[s] drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."  *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (internal quotation marks and citations omitted); *see also Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825 (1997); *California v. Grace Brethren Church*, 457 U.S. 393, 408-09 (1982).  The TIA's clear limitations prevent a district court from issuing declaratory or injunctive relief, as well as 42 U.S.C. § 1983 suits for damages.  *See Lowe*, 627 F.3d at 1155; *see also Fair Assessment in Real Estate Ass'n Inc. v. McNary*, 454 U.S. 100, 116 (1981) (holding taxpayers are barred by comity "from asserting § 1983 actions against the validity of state tax systems in federal courts.").

Succinctly, in *May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261 (9th Cir. 2004), the Ninth Circuit noted

> the [Supreme] Court made clear that even when a challenge to a state tax raises federal questions, those challenges nonetheless properly belong in a state court, because the "federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts."

1    *Id.* at 1266 (quoting *Grace Brethren Church*, 457 U.S. at 410).  The TIA furthers

2    two distinctive policy concerns regarding comity.  First, "[t]he Act is a gesture of

3    comity toward states; recognizing the centrality of tax collection to the operation of

4    government, the Act prevents taxpayers from running to federal court to stymie the

5    collection of state taxes." *Id.* at 1269 (citation omitted).  Second, "the Act ensures

6    that state courts are able to entertain challenges to their own tax laws in the first

7    instance." *Id.*

8         With regard to an assessment, the TIA and the principle of comity only

9    apply if a challenged assessment constitutes a "tax" as opposed to merely a

10   "regulatory fee." *See Bidart Bros. v. California Apple Com'n*, 73 F.3d 925, 930-31

11   (9th Cir. 1996).  The differentiating test, imparted from *Bidart*,  "instructs courts to

12   focus on three primary factors: (1) the entity that imposes the charge; (2) the

13   parties upon whom the charge is imposed; and (3) whether the charge is expended

14   for general public purposes, or used for the regulation or benefit of the parties upon

15   whom the assessment is imposed." *Qwest Corp. v. City of Surprise*, 434 F.3d

16   1176, 1183 (9th Cir. 2006) (citation omitted).  "When the first two *Bidart* factors

17   are not dispositive, courts emphasize the third factor—the way in which the

18   revenue is ultimately spent." *Id.* (citation omitted).

19        In addition, the TIA and the principle of comity only bar Plaintiff's claims if

20   a "plain, adequate, and complete remedy" exists. *See* 28 U.S.C. § 1341; *see also*

ORDER OF REMAND ~ 5

1  *Lowe*, 627 F.3d at 1155.  The parties agree there is no uncertainty as to the

2  existence of a plain, adequate, and complete remedy in state court.

3        This Court concludes the assessment at issue in the instant case is a tax.

4  Plaintiff "has maintained that the District has been imposing an unlawful ad

5  valorem tax."  ECF No. 43 at 6.  The MLIRD agrees "the assessments are 'taxes'

6  because they are imposed 'upon property in proportion to the value' of the property

7  'for the purpose of raising revenue for public purposes.'"  MLIRD Reply, ECF No.

8  42 at 6.  The three *Bidart* factors also direct a finding that the assessment is a tax.

9        Consequently, the TIA and the doctrine of comity deny the Court the

10  necessary subject matter jurisdiction to reach the merits of Plaintiff's federal claim,

11  and prevent the Court from exercising supplemental jurisdiction over Plaintiff's

12  remaining state law claims.  *See* 28 U.S.C. §§ 1341, 1367.  If at any time before

13  final judgment it appears that the district court lacks subject matter jurisdiction, the

14  case shall be remanded.  28 U.S.C. § 1447(c).

15  **ACCORDINGLY, IT IS HEREBY ORDERED:**

16        1.  Plaintiff's Request for Judicial Notice (ECF No. 25-3) is **DENIED** as

17            moot.

18        2.  The parties' cross Motions for Summary Judgment (ECF Nos. 25, 28) are

19            **DENIED.**

20

3.  The Court **REMANDS** this case to the Grant County Superior Court

without costs to either party.

The District Court Executive is directed to enter this Order, provide copies

to counsel, mail a certified copy of this Order of Remand to the Clerk of the Grant

County Superior Court and **CLOSE** the file.

**DATED** October 14, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER OF REMAND ~ 7